PATTERSON, Retired Appellate Judge.
This is an appeal from the denial of a petition for post-conviction relief.
On March 30, 1995, the appellant, Lee Arthur Dudley, was convicted of the capital offense of murder committed during a burglary in the first degree, Ala.Code 1975, § 13A-5-40(a)(4); he was subsequently sentenced to life imprisonment without the possibility of parole. That conviction was affirmed on appeal by unpublished memorandum on April 19, 1996. Dudley v. State, 687 So.2d 228 (Ala.Cr.App.1996) (table). Certiorari review was denied by the Alabama Supreme Court on August 30, 1996. Ex parte Lee Arthur Dudley, 681 So.2d 651 (Ala.1996) (table).
On May 12, 1997, the appellant filed a petition for post-conviction relief pursuant to Ala.R.Crim.P. 32, alleging, among other things, that his constitutional right to the effective assistance of trial and appellate counsel had been violated. The appellant was represented at trial and on direct appeal by the same appointed counsel. The circuit court appointed counsel to represent the appellant in these post-conviction proceedings. After an evidentiary hearing on the merits of the petition, the circuit court denied the petition without comment. It did not make “specific findings of fact relating to each material issue of fact presented,” as required by Ala. R.Crim.P. 32.9(d). Specific factual findings are essential to a resolution of this case. Therefore, this cause is remanded to the circuit court with instructions that it comply fully with Rule 32.9(d). We note that the attorney general has joined the appellant in requesting that the case be remanded.
The circuit court shall take all necessary action to allow the clerk to file with this court a return to remand within sixty (60) days from the release of this opinion.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a *528 judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
REMANDED WITH INSTRUCTIONS.
LONG, P.J, and McMILLAN, COBB, BROWN, and BASCHAB, JJ„ concur.

On Return to Remand

PATTERSON, Retired Appellate Judge.
On August 14, 1998, we remanded this case to the trial court with instructions to make specific findings of fact relating to each material issue of fact presented by the appellant, Lee Arthur Dudley, in his Rule 32, Ala.R.Crim.P., petition, as required by Rule 32.9(d). The trial court complied with our instructions and has filed a return to our remand. We will now address the issues raised by the appellant on appeal.
First, the appellant contends in his petition that the trial court was without jurisdiction to render a judgment and to impose a sentence in his case. He apparently bases this conclusion on the fact that the indictment in his case charged him with, among other things, knowingly and unlawfully entering or remaining in the dwelling of Theara Webster, while the trial court, in instructing the jury, stated, among other things, that the appellant was charged with knowingly and unlawfully entering or remaining in the dwelling of Dante Guthridge. The dwelling where the burglary-murder occurred was actually Webster’s. Guthridge was the victim; he was shot and killed in Webster’s dwelling by the appellant. No objection was raised at the trial to this discrepancy between the indictment and the court’s oral charge. We do not find this discrepancy in the charge to be a jurisdictional matter. The appellant’s trial counsel testified at the hearing on the Rule 32 petition. He stated that he did not consider the discrepancy to be a variance between the proof and the indictment because the indictment had been read to the jury, and the state’s proof was directed specifically toward the charges in the indictment, as amended. We do not believe the jury was misled by the trial court’s inadvertently using Gu-thridge’s name instead of Webster’s in its instructions to the jury. Thus, we find no merit in this contention.
Second, the appellant contends in his petition that he was denied his constitutional right to the effective assistance of counsel. He sets out a number of claims of ineffective assistance of counsel. He also contends that, even if each instance of alleged ineffective assistance does not amount to ineffective assistance, when taken together, the cumulative effect of these instances amounts to ineffective assistance of counsel. At the hearing on the petition, the appellant and his trial counsel testified at length concerning trial preparations and the theory of the appellant’s defense. After hearing the testimony, the trial court found that the evidence “established that the Defendant was afforded effective and competent trial counsel.” After reviewing the record of the proceedings, we concur. Clearly, the appellant’s claims do not meet either prong of the requirements of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Last, the appellant raised a number of other issues in his petition and at the hearing on the petition. The trial court found that these issues were precluded because they could have been raised at trial or on direct appeal and were not. Rule 32.2(a)(3)(5). We agree.
Having addressed all issues raised by the appellant and finding that they were either precluded or without merit, we conclude that the judgment of the trial court denying the appellant’s Rule 32 petition is due to be, and it is hereby, affirmed.
AFFIRMED.
LONG, P.J., and McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.